<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STANLEY POWELL, | Civil Action No. 14-6050 (WJM) |
| Petitioner, | |
| v. | <u>**OPINION**</u> |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**APPEARANCES**:

> STANLEY POWELL, #23923-050
> USP Big Sandy
> P.O. Box 2068
> Inez, Kentucky   41224
> Petitioner *Pro Se*

<u>**MARTINI, District Judge**</u>:

Stanley Powell, a federal prisoner who is detained at USP Big Sandy, filed a motion to hold the filing of a § 2255 motion in abeyance for 90 days "to allow petitioner to retain counsel and investigative services to review his case to see if the new Supreme Court decision in <u>ALLEYNE vs. UNITED STATES</u> can be applied to his case in the guilty plea context."   (ECF No. 1 at 1.) This Court will deny the motion and deny a certificate of appealability.

## I.   BACKGROUND

On December 3, 2010, the United States filed a criminal complaint against Powell.   *See United States v. Powell,* Crim. 12-0118 (WJM) (D.N.J. filed Feb. 9, 2012).   On February 9, 2012, a grand jury indicted Powell for bank robbery.   On April 11, 2012, this Court accepted his guilty plea based on his application, through counsel, for permission to enter a plea of guilty in the

absence of a plea agreement.   On September 5, 2012, this Court imposed a sentence of 151 months in prison and three years of supervised release.   Powell did not file a notice of appeal.   On August 7, 2013, the Clerk received Powell's *pro se* motion (presently before the Court) to extend the time to file a § 2255 motion.   Powell signed on July 29, 2013.[1]   Powell seeks a 90-day extension to research whether *Alleyne v. United States,* 133 S.Ct. 2151 (2013), "can be applied to his case in the guilty plea context."[2]   (ECF No. 1 at 1.)

## II.   DISCUSSION

A.   Jurisdiction

Under 28 U.S.C. § 2255, a federal court may vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."   28 U.S.C. § 2255(a).   "Jurisdiction over a petition for a writ of habeas corpus is determined when the petition is filed."   *Barden v. Keohane,* 921 F.2d 476, 477 n.1 (3d Cir. 1990).   Here, Powell filed a motion to extend the time to file a § 2255 motion, but he never filed an actual motion for relief under § 2255.   Nevertheless, this Court has subject matter jurisdiction to entertain his motion for an extension of time prior to his filing of a formal § 2255 motion because "a § 2255 proceeding is a continuation of a defendant's federal criminal case [and] the underlying prosecution satisfies

---

[1] For reasons unknown, the Clerk did not docket the motion until September 12, 2014.

[2] In *Alleyne,* the Supreme Court held that "'any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury' and proved beyond a reasonable doubt."   *United States v. Winkelman,* 746 F.3d 134, 135 (3d Cir. 2014) (quoting *Alleyne,* 133 S.Ct. at 2155).

Article III's case or controversy requirement." *United States v. Thomas,* 713 F.3d 165, 169 (3d Cir. 2013).

B.    Motion to Extend Time

Powell seeks to extend the time to file a § 2255 motion.   Federal law requires a federal prisoner to file a § 2255 motion within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(f)(4).

Given that Powell did not file a notice of appeal, his conviction became final on September 21, 2012, when the time to file a notice to appeal expired, as the judgment was entered on September 6, 2012.   *See* Fed. R. App. Pro. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed").   If § 2255(f)(1) governs, then the one year statute of limitations began on September 22, 2012, and expired 365 days later on September 23, 2013.   However, since Powell may seek to rely on the Supreme Court's June 17, 2013, decision in *Alleyne,* it is conceivable that § 2255(f)(3) may apply, provided "the right asserted" by Powell "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3); *see Tyler v. Cain,* 533 U.S. 656, 663 (2001) ("[A] new rule is not 'made

3

retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive").   If § 2255(f)(3) governs Powell's statute of limitations period, then, absent an extension, he had one year from June 17, 2013, or until June 17, 2014, to file a timely § 2255 motion.

The Supreme Court has not made the *Alleyne* decision retroactive to cases on collateral review.  *See United States v. Winkelman,* 746 F.3d 134, 136 (3d Cir. 2014) (holding that the Supreme Court has not made the rule of *Alleyne* retroactive to cases on collateral review). Because the Supreme Court has not made *Alleyne* retroactive to cases on collateral review, Powell's statute of limitations to file a § 2255 motion is governed by § 2255(f)(1) and, absent an extension, the time for him to file a § 2255 motion expired on September 23, 2013.

Powell signed his motion, and presumably handed it to prison officials for mailing to the Clerk on July 29, 2013, before the statute of limitations expired.   "Courts should grant a motion for an extension of time to file a § 2255 motion sparingly, and should do so only when the 'principles of equity would make the rigid application of a limitation period unfair."  *Thomas*, 713 F.3d at 174 (quoting *Miller v. N.J. State Dep't of Corr.*, 154 F.3d 616, 618 (3d Cir. 1998)).   An extension may be warranted where a defendant shows that (1) "he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Thomas*, 713 F.3d at 174 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Powell's motion, which consists almost entirely of the language quoted above, does not show that he has been pursuing his rights diligently or that some extraordinary circumstance prevented timely filing.   This Court could direct Powell to make these showings, if he is able, but it is not necessary to do so because the Third Circuit held on June 18, 2014, that "the rule of criminal procedure announced by the Supreme Court in *Alleyne* does not apply retroactively" to motions

4

under § 2255.  *United States v. Reyes,* 755 F.3d 210, 211 (3d Cir. 2014).   "*Alleyne* does not

provide [Powell] with any basis for relief [under § 2255] because the Supreme Court has not

chosen to apply Alleyne's new rule retroactively to cases on collateral review."  *Id.* at 213.

Because *Alleyne* is not retroactive to motions under § 2255, and because Powell's conviction

became final on September 21, 2012, before the *Alleyne* decision issued on June 17, 2013, his §

2255 motion raising a claim based on *Alleyne* would be futile.   Accordingly, this Court will deny

Powell's motion to extend the time to file a § 2255.  *See Reyes,* 755 F.3d at 212-13.

C.    <u>Certificate of Appealability</u>

Powell has not made a substantial showing of the denial of a constitutional right.

Therefore, no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(1)(B).  *See*

Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## III.   CONCLUSION

This Court denies the motion to extend the time for Powell to file a motion under 28 U.S.C.

§ 2255 and denies a certificate of appealability.

s/William J. Martini

_____

**WILLIAM J. MARTINI, U.S.D.J.**

DATED:  10/24/14